IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

DONALD RAY LOCKRIDGE, )
)
       Plaintiff, )
)
vs. ) Case No. 07-CV-141-GKF-PJC
)
TAMEKA DAVIS, Warden for Riverside; )
AVALON CORRECTIONAL SERVICES; )
OKLAHOMA DEPARTMENT OF )
CORRECTIONS; JUSTIN JONES, Director, )
)
       Defendants. )

## **ORDER OF TRANSFER**

On March 6, 2007, Plaintiff, a state prisoner presently confined at Jim E. Hamilton Correctional Center and appearing *pro se*, filed a pleading titled "petition 42 U.S.C. § 1983" (Dkt. # 1). Plaintiff neither paid a filing fee nor submitted a motion to proceed *in forma pauperis*.

Upon review of the pleading submitted by Plaintiff, it appears that his claims arise from disciplinary proceedings occurring while he was housed at Riverside Halfway House. See Dkt. # 1. During those proceedings, Plaintiff was found guilty of the offense of possession of a telephone which is contraband in a penal institution. Id. He alleges that during his disciplinary hearing, his witnesses were prohibited from testifying without justification in violation of his due process rights. Id. As punishment for the misconduct, Plaintiff claims he was placed in segregation for 30 days and he lost 365 days of previously earned credits. Id. at 11. In his pleading, Plaintiff describes his efforts to exhaust administrative remedies. Id. However, the Court notes that Plaintiff makes no statement regarding any effort to exhaust judicial remedies available in the Oklahoma courts. See Okla. Stat. tit. 57, § 564.1 (Supp. 2005). In his request for relief, Plaintiff asks for "an order from this Court directing the board to restore to Petitioner his previous penitentiary status, and an order restoring

his original parole date, along with restoration of all privileges, and class-level with restoration of lost earned credits and expungement of misconduct report." (Dkt. # 1 at 14).

The Court finds Plaintiff's requests for restoration of lost earned credits and expungement of his record lie in habeas because they affect the length or duration of his confinement. Preisser v. Rodriguez, 411 U.S. 475, 487-490 (1973); Duncan v. Gunter, 15 F.3d 989 (10th Cir. 1994); Smith v. Maschner, 899 F.2d 940, 951 (10th Cir. 1990). Therefore, Plaintiff's remedy is a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the administration of his sentence, see Montez v. McKinna, 208 F.3d 862, 867 (10th Cir. 2000) (finding that a petition filed by a state prisoner challenging the execution of a sentence, rather than the validity of a conviction and sentence, is properly brought under 28 U.S.C. § 2241), rather than a complaint under 42 U.S.C. § 1983. Because Plaintiff's claims for relief sound in habeas corpus, the Court finds that Plaintiff's complaint shall be considered a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. The Clerk of Court shall be directed to change the case designation accordingly.

A § 2241 habeas corpus petition is properly filed in the judicial district where the petitioner is confined. Montez, 208 F.3d at 865 (citing Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996)). As stated above, Petitioner is presently confined at Jim E. Hamilton Correction Center, located in Hodgen, Oklahoma. Hodgen is in Le Flore County, Oklahoma, and is located in the territorial jurisdiction of the United States District Court for the Eastern District of Oklahoma. 28 U.S.C. § 116(b). Because Petitioner is confined in Le Flore County, Oklahoma, the Court concludes that the petition was not properly filed in this judicial district and the petition shall be transferred to the United States District Court for the Eastern District of Oklahoma for all further proceedings.

2

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. This matter is converted to a 28 U.S.C. § 2241 petition for writ of habeas corpus. The Clerk of Court shall change the case designation accordingly.

2. The 28 U.S.C. § 2241 petition for a writ of habeas corpus is **transferred** to the United States District Court for the Eastern District of Oklahoma for all further proceedings.

DATED THIS 9th day of March, 2007.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma