# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

**FILED**

DONALD RAY LOCKRIDGE, )
) FEB 1 1 2008
Petitioner, ) William B. Guthrie
) Clerk, U.S. District Court
v. ) No. CIV 07-073-RAW-KEW By_____
) Deputy Clerk
BRUCE HOWARD, Warden, )
)
Respondent. )

## OPINION AND ORDER

This matter is before the court on petitioner's petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Jim E. Hamilton Correctional Center, in Hodgen, Oklahoma, is challenging his loss of earned credits and other punishments resulting from a prison disciplinary hearing. He asks for relief in the form of "an order from this Court directing the board to restore to Petitioner his previous penitentiary status, and an order restoring his original parole date, along with restoration of all privileges, and class-level with restoration of lost earned credits and expungement of misconduct report." [Docket #1 at 14].

The record shows that while petitioner was housed at the Riverside Halfway House, he was found guilty of the offense of Menacing. Petitioner alleges he was denied due process when witnesses to the alleged offense were not allowed to testify at his disciplinary hearing. On August 16, 2006, the warden approved the outcome of petitioner's disciplinary rehearing on the misconduct.

The respondent alleges petitioner has not exhausted his state court remedies by

presenting his claim to a state district court through a petition for judicial review, pursuant to Okla. Stat. tit. 57, § 564.1, and then appealing any adverse decision to the Oklahoma Court of Criminal Appeals. "A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). The court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). "A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (citing *Coleman*, 501 U.S. at 731). In those instances where earned credits are revoked in a prison disciplinary hearing, an Oklahoma inmate can pursue a judicial appeal process through a petition for judicial review, pursuant to Okla. Stat. tit. 57, § 564.1, effective May 10, 2005. The statute specifically requires the state court to determine whether due process was provided. Okla. Stat. tit. 57, § 564.1(D). Petitioner incorrectly alleges in his Objection [Docket #12] that exhaustion of judicial remedies is not required. Nonetheless, he requests a stay of proceedings so he can exhaust his remedies.

A stay would not assist petitioner, because it is too late for him to file a petition for judicial review. Under § 564.1(A)(1), he had 90 days from the date he was notified of the DOC's final decision in the disciplinary appeal process. "[I]f state court remedies are no longer available because the prisoner failed to comply with the deadline for seeking review, the prisoner's procedural default functions as a bar to federal habeas review." *Magar v. Parker*, 490 F.3d 816, 819 (10th Cir. 2007) (citing *Woodford v. Ngo*, 548 U.S. 81, __, 126 S.Ct. 2378, 2387 (2006)). *See also Gray v. Netherland*, 518 U.S. 152, 162 (1996) (such a

"procedural bar . . . gives rise to exhaustion [and] provides an independent and adequate state-law ground for the [sanction imposed]"); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Cargle v. Mullin*, 317 F.3d 1196, 1212 n.15 (10th Cir. 2003).

Finally, petitioner maintains his request for monetary damages for the alleged constitutional violations arising from the disciplinary proceedings. To the extent petitioner seeks compensatory damages for his alleged unconstitutional incarceration, he first must prove his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (citing 28 U.S.C. § 2254). He has failed to make the required showing.

**ACCORDINGLY,** respondent's motion to dismiss [Docket #11] is GRANTED, and this action is, in all respects, DISMISSED.

**IT IS SO ORDERED** this 11th day of February 2008.

*Ronald A. White*

**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**